UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MOLUS, et al,<br><br>　　　　　Plaintiffs,<br>v.<br><br>FRANK SWAN, CHRISTOPHER KIERNAN, and DIANA MAILLY,<br><br>　　　　　Defendants. | Civil No. 05cv452-MMA(WMc)<br><br>**ORDER GRANTING DEFENDANT SWAN'S MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY;**<br><br>[Doc. No. 234]<br><br>**FINDING DEFENDANT KIERNAN'S MOTION FOR SUMMARY JUDGMENT MOOT;**<br><br>[Doc. No. 236]<br><br>**DENYING PLAINTIFFS' MOTION TO AMEND/CORRECT COMPLAINT**<br><br>[Doc. No. 262] |

　　　Before the Court in the above-captioned case are the following pending motions: (1) Defendant Frank Swan's Motion for Summary Judgment [Doc. No. 234], joined by Defendants Christopher Kiernan and Diana Mailly [Doc. No. 246]; (2) Defendant Christopher Kiernan's Motion for Summary Judgment [Doc. No. 236], joined by Defendants Frank Swan and Diana Mailly [Doc. No. 247]; and (3) Plaintiff Carol and Michael Molus' ("Plaintiffs") Motion to Amend/Correct Complaint [Doc. No. 262]. Plaintiffs filed a single opposition to both summary judgment motions [Doc. Nos. 258 – 261]. Defendants' filed a reply and objected to and moved to strike portions of the evidence offered by Plaintiffs in support of their opposition [Doc. No. 263 & 264]. Defendant Swan filed an opposition to

Plaintiffs' motion to amend, joined by Defendants Kiernan and Mailly [Doc. Nos. 268 – 270]. Plaintiffs filed a reply [Doc. No. 271]. The motions were taken under submission on the pleadings pursuant to Local Civil Rule 7.1(d).

For the following reasons, the Court **GRANTS** Defendant Swan's motion for summary judgment, **FINDS MOOT** Defendant Kiernan's motion for summary judgment, and **DENIES** Plaintiffs' motion to amend their complaint.

## BACKGROUND

The instant case arises from an attorney-client relationship between Gerald Wilson,[1] Frank Swan, Diana Mailly, Christopher Kiernan and their former clients, Plaintiffs Carol and Michael Molus during the time period beginning on or about January 1996 and terminating on March 6, 2001. The following facts are not in dispute.[2]

Plaintiffs were investigated and charged with crimes related to failure to pay income taxes between 1991-1994. Plaintiffs hired attorneys Wilson and Swan beginning on or about January 1996 to represent them against charges of criminal tax evasion. Swan and Wilson retained Mailly, a certified public accountant, and Kiernan, also an attorney, to assist with Plaintiffs' defense. Plaintiffs terminated Swan, Wilson, Mailly, and Kiernan from their employ on March 6, 2001. Plaintiffs were convicted of tax evasion in February 2002.

Thereafter, Plaintiffs pursued malpractice claims against Swan and Wilson. Plaintiffs initially filed complaints in California state court in 2003 on state law claims which were dismissed.[3] The

---

[1] On March 21, 2007, the Court dismissed all causes of action against Wilson with prejudice based on res judicata from Plaintiffs' prior state court actions.

[2] Unless otherwise noted, all facts are taken from Defendants' "Statement of Undisputed Material Facts and Evidence" in support of their motions for summary judgment. The Court did not rely upon Plaintiff's "Statement of Incontestable Facts" in support of their opposition to Defendants' motions. The statement does not recite the facts of the case, undisputed or otherwise, but rather restates Plaintiffs' allegations against Defendants. Defendant Swan moves to strike Plaintiffs' statement on these grounds. (*Defendant Swan's Reply, Objections*, 3-4.) Because the Court chose not to rely upon Plaintiffs' statement, the Court will not rule on Defendant Swan's motion and the statement shall remain part of the record of this case.

[3] In February 2003, Carol Molus filed suit in California Superior Court against Swan for legal malpractice. These claims were dismissed as barred by the applicable one-year statute of limitations. Molus then filed a first amended complaint against Swan in state court alleging breach of contract, breach of implied covenant of good faith and fair dealing, fraud, misrepresentation, and conversion. In January 2004, the state court dismissed the breach of contract, breach of implied covenant of good faith and fair dealing, and conversion claims, finding that each of these claims was based in legal malpractice and thus subject to the one-year statute of

1   instant case was filed by Plaintiffs on March 7, 2005, alleging multiple claims against Swan and Wilson
2   pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et*
3   *seq*.[4] The complaint alleged that Swan and Wilson engaged in a conspiracy to defraud Plaintiffs of their
4   money and property during the period they served as Plaintiffs' defense counsel. (*Complaint* ¶ 30.) The
5   Court dismissed Swan from the case for Plaintiffs' failure to serve process. Plaintiffs filed a first
6   amended complaint ("FAC") on June 16, 2006, naming Wilson, Swan, Mailly, and Kiernan as
7   defendants. The FAC alleged four causes of action under California state law – fraud,
8   misrepresentation, conversion, and breach of contract – and four claims under the RICO statutes. (*See*
9   *First Amended Complaint*, Doc. No. 52.) On March 21, 2007, the Court dismissed all causes of action
10  against Wilson with prejudice based on res judicata from Plaintiffs' state court actions. As to Swan,
11  Mailly, and Kiernan, the state law claims were dismissed with prejudice as barred by the applicable
12  statutes of limitations. Additionally, these claims were previously raised and dismissed on the same
13  grounds in Plaintiffs' state court cases. The four RICO claims were dismissed with leave to amend.
14  Plaintiffs failed to plead their RICO claims with specificity under Federal Rule of Civil Procedure 9(b)
15  and the claims as alleged were barred by the applicable statute of limitations.[5] Additionally, one count
16  failed to state a claim under Rule 12(b)(6), and one count required a more definite statement under Rule
17  12(e).
18      Plaintiffs filed a second amended complaint ("SAC") on May 15, 2007, which is the operative

---

limitations which began to toll in March 2001. With respect to the fraud and misrepresentation claims, the state court found these two claims to constitute one cause of action; this cause of action was dismissed with leave to amend because fraud had not been pled with the required particularity. Molus did not file another amended complaint and the case terminated.

Also in February 2003, Michael Molus filed a complaint in state court against Wilson alleging legal malpractice. The complaint was later amended to claims for breach of contract, breach of implied covenant of good faith and fair dealing, fraud, misrepresentation, and conversion. The case was dismissed.

[4] A plaintiff has a private right of action under RICO for injuries to "his business or property by reason of a violation of section 1962 of this chapter." 18 USC § 1964(c). "Section 1962, in turn, lists four separate acts which form the basis for RICO liability: "(a) to invest income derived from a pattern of racketeering activity in an enterprise; (b) to acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) to conduct the affairs of an enterprise through a pattern of racketeering activity; or (d) to conspire to commit any of the above acts." *Diaz v Gates*, 354 F.3d 1169, 1172 (9th Cir. 2004) (citing 18 U.S.C. § 1962(a)-(d)).

[5] In *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987), the Supreme Court established a 4-year limitations period for civil RICO claims.

pleading in the case. The SAC names Swan, Mailly, and Kiernan as defendants and pleads four counts under the RICO statutes. The focus of the SAC, and the basis for the RICO claims, is the alleged fraudulent billing scheme engaged in by Defendants Swan, Mailly, and Kiernan and their associate (former defendant) Wilson during the course of their attorney-client relationship with Plaintiffs. Mailly and Kiernan moved separately for the Court to dismiss the SAC pursuant to Rule 12(b)(6), arguing the RICO claims were time-barred. The Court dismissed all pre-June 16, 2002 claims against Mailly and Kiernan based on this ground. The Court also granted summary judgment in Defendants' favor with respect to a post-June 16, 2002 claim for $19,870, finding the claim barred by the statute of limitations.

Plaintiffs have two remaining RICO claims, including the $19,870 claim against Swan, and a claim for $4,250 against Swan, Kiernan, and Mailly. Defendants seek an order granting summary judgment in their favor with respect to these claims, arguing that the claims are time-barred under the RICO statute of limitations, and alternatively, that the $4,250 claim is without any evidentiary support. Plaintiffs oppose the motions, arguing that the claims arose after June 16, 2002, and billing records and other documentation currently before the Court create a genuine issue of fact as to whether the claims are untimely. Plaintiffs also argue that a genuine issue of material fact exists with respect to the various elements of their RICO claims, rendering the case suitable for trial on the merits.

## REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendant Swan has requested the Court take judicial notice of its prior orders, referred to above. Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. FED. R. EVID. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). If supplied with the necessary information and requested by a party, the Court must take judicial notice. FED. R. EVID. 201(d). Courts may take judicial notice of their own records. *U.S. v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986) (citing *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969); *Diamond v. Pitchess*, 411 F.2d 565, 566 (9th Cir. 1969). Because this Court's prior orders directly relate to the matter before the Court, the Court **GRANTS** Defendant Swan's request and takes judicial notice of Exhibits 1, 3, 5, and 10.

1       In addition, Defendant Swan requests the Court take judicial notice of various pleadings, as well
2 as a declaration of Plaintiff Carol Molus previously filed in the case in support of Plaintiffs' opposition
3 to a prior defense motion. The existence of court records is a proper subject of judicial notice. *See*
4 *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Accordingly, the Court **GRANTS**
5 Defendant Swan's request and takes judicial notice of Exhibits 2, 4, 6, 7, 8, 9, 11, and 12. However, the
6 Court is careful to note it is only taking judicial notice of the existence of these documents and the
7 specific statements and/or allegations contained within the documents. It would be improper for the
8 Court to rely upon these documents to determine disputed factual issues.

## LEGAL STANDARD

10       Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if
11 the pleadings, depositions, answers to interrogatories, and admissions on file, together with the
12 affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is
13 entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). It is beyond dispute that "[t]he moving
14 party bears the initial burden to demonstrate the absence of any genuine issue of material fact."
15 *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007)(citation omitted). "Once the
16 moving party meets its initial burden, . . . the burden shifts to the nonmoving party to set forth, by
17 affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for
18 trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks and citations
19 omitted).

20       A mere scintilla of evidence is not sufficient "to defeat a properly supported motion for summary
21 judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to
22 support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997)
23 (quoting *Anderson*, 477 U.S. at 249, 252). Thus, in opposing a summary judgment motion it is not
24 enough to simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec.*
25 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). However, when
26 assessing the record to determine whether there is a "genuine issue for trial," the court must "view the
27 evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in h[er]
28 favor." *Horphag*, 475 F.3d at 1035 (citation omitted). On a summary judgment motion, the court may

1  not make credibility determinations; nor may it weigh conflicting evidence. *See Anderson*, 477 U.S. at
2  255. Thus, as framed by the Supreme Court, the ultimate question on a summary judgment motion is
3  whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is
4  so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

### DISCUSSION

#### *1.   RICO Statute of Limitations*

A civil claim under RICO is subject to a four year statute of limitations. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing *Agency Holding Corp. V. Malley Duff & Assocs.*, 483 U.S. 143, 156 (1987)). The Ninth Circuit follows the "injury discovery rule" which provides that the statute of limitations begins to run when "a plaintiff knows or should know of the injury that underlies his cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). Constructive knowledge can be established when the plaintiff has "enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [injury]." *Pincay*, 238 F.3d at 1109. Furthermore, "a new cause of action accrues for each new and independent injury," even if the violation causing the injury happened outside of the limitations period. *Grimmett*, 75 F. 3d at 510. This is known as the "separate accrual rule." *Id.*

The Court previously determined that Plaintiffs allege a conspiracy based on a pattern of false billings that began on or about January 1996 and ended June 28, 2002. (*See Court's August 13, 2007 Order*, Doc. No. 165, citing SAC ¶¶ 47, 55, 72.) Because Plaintiffs filed their FAC naming Defendants on June 16, 2006, the Court held that any alleged acts which occurred before June 16, 2002 fell outside the four year statute of limitations period and thus are time-barred under the injury discovery rule. (*Id*.) The only acts which Plaintiffs allege occurred after June 16, 2002 are two invoices sent on June 28, 2002. One was sent by Defendant Mailly to Plaintiff Michael Molus in the amount of $9,900 (SAC at ¶¶ 51-52) (reduced to $4,250 pursuant to the Declaration of Carol Molus), and another sent by Defendant Kiernan to Plaintiffs' business Mexmil for $19,870 (SAC at ¶¶ 70, 72). These acts comprise the basis of Plaintiffs' remaining claims in this case.

#### *2.   Plaintiffs' Post-June 16, 2002 Claim Against Defendant Swan for $19,870*

Defendant Swan moves for summary judgment in his favor with respect to Plaintiffs' claim for

$19,870. Plaintiffs allege that under Defendant Swan's direction, Defendant Kiernan fraudulently billed them for his services on June 28, 2002 in the amount of $19,870. This Court previously granted summary judgment in Defendants Kiernan and Mailly's favor with respect to this claim, finding the claim time-barred.[6] (*See Court's March 10, 2008 Order*, Doc. No. 186.)

In so holding, the Court stated:

> "Plaintiffs submitted . . . a Declaration from Plaintiff C. Molus and an April 18, 2001 arbitration notice, both in support of their claim for $19,870. In their replies, Defendants [Kiernan and Mailly] argue that these documents are not bills.
>
> In the Declaration, Plaintiff C. Molus states:
>
>> After [Kiernan's] employment was terminated he continued to bill us on a regular basis. In fact, in April 2001 he sent a notice related to arbitrating his bills. [See Exhibit "G".] In June 2002, and I believe it to be June 29-30, 2002, but within a day or two of the receipt of the June 28, 2002 invoice sent by Mr. Wilson I received a telephone call for [sic] Defendant Kiernan demanding payment in the sum of $25,292.71. He claimed that Mailly had been paid and he wanted his money. I told him that we were not going to pay him the sum he demanded and he claimed he could reduce the amount we owed and would call me back. About 10 minutes later he called back and stated that he could reduce the amount owed to $19,870. . . .Later that day I looked in my fax machine and found a copy [of the notice]."
>
> Under the separate accrual rule, this allegation is insufficient to restart the limitations period. The undisputed evidence demonstrates that Plaintiffs admit they received the arbitration notice in April 2001. The follow-up calls from Kiernan in late June of 2002 and the re-faxing of the arbitration notice are simply "reaffirmations of a previous act," not "new" and "independent" acts that "inflict new and accumulating injury on the plaintiff." Insofar as Plaintiffs are claiming that the late June phone calls and fax constitute a new demand for money, their own admissions do not support such an allegation. Plaintiffs plainly admit they received the arbitration notice in April 2001. Kiernan's call to reduce the amount originally demanded in April 2001 does not constitute a new and independent act. As such, the late June phone call and fax from Kiernan are subject to RICO's four year statute of limitations beginning April 2001. Thus, this claim is time barred. Defendants' converted Rule 56 summary judgment motions are GRANTED as to Plaintiffs' post-June 16, 2002 claim for $19,870."

(*Id*. at 8-9.)

Defendant Swan now argues that he is also entitled to summary judgment on this basis. Because

---

[6] Defendants Kiernan and Mailly filed motions to dismiss Plaintiffs' post-June 16, 2002 claims as time-barred, including the $19,870 claim. In ruling on the $19,870 claim, the Court considered evidence outside of Plaintiffs' Second Amended Complaint, converting the motions into summary judgment motions as to that claim. Defendant Swan was not able to join the motions or file a separate motion to dismiss the claim as time-barred, as he previously had filed an answer to the Second Amended Complaint.

1  Plaintiffs' $19,870 claim against Defendant Swan is time-barred for the same reasons the Court found
2  the claim untimely as to Defendants Kiernan and Mailly, cited above, the Court **GRANTS** summary
3  judgment in favor of Defendant Swan and Plaintiffs' $19,870 claim against him is **DISMISSED**. *See*
4  *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on
5  its own motion dismiss an action as to defendants who have not moved to dismiss where such
6  defendants are in a position similar to that of moving defendants or where claims against such
7  defendants are integrally related.")

### 2. *Plaintiffs' Post-June 16, 2002 Claim Against all Defendants for $4,250*

9  Defendants Swan, Kiernan, and Mailly move for summary judgment in their favor with respect
10 to Plaintiffs' claim for $4,250. Plaintiffs allege that they received a billing invoice from Mailly dated
11 June 28, 2002, which constituted a "new and independent injury" such that a separate cause of action
12 accrued that is within the statute of limitations and thus a cognizable claim. Defendant Swan, joined by
13 Defendants Kiernan and Mailly, moves for summary judgment on the basis that Plaintiffs' remaining
14 claim is barred by the applicable statute of limitations. Defendant Swan does not address the substance
15 of Plaintiffs' allegations in his pleadings, i.e. whether an enterprise was formed, whether they used the
16 mails to send out fraudulent bills, or if the bills were in fact fraudulent, because the timeliness of the
17 claim is a threshold issue. Defendant Kiernan, joined by Defendants Swan and Mailly, argues that
18 Plaintiffs' cannot sustain their burden at trial to prove any substantive element of their remaining RICO
19 claim.[7]

20 Defendants state that (former defendant) Wilson paid Mailly the disputed sum out of Plaintiffs'
21 trust account in March 2001, approximately fifteen months prior to June 16, 2002. (*Defendant Swan's*
22 *Memorandum*, 6-7.) Plaintiffs argue that the invoice represents that Wilson paid Mailly on June 28,
23 2002 and therefore the claim is not barred by the RICO statute of limitations.

24 Plaintiffs fired both Wilson and Mailly, along with Kiernan and Swan, on March 6, 2001.

---

[7] In the event the Court grants Defendant Swan's motion and finds the $4,250 claim time-barred, Defendant Kiernan's motion would be found moot as a ruling on the merits of the claim would be unnecessary. Defendant Kiernan acknowledges this potential outcome in his moving papers, and by joining Defendant Swan's motion for summary judgment, argues as a threshold matter that the claim is in fact barred by the applicable statute of limitations. (*Defendant Kiernan's Motion for Summary Judgment, Memorandum in Support*, 2-3.)

Defendants assert that Mailly billed Wilson for services she rendered in the amounts of $2,250 on February 7, 2001, $1,400 on March 3, 2001, and $600 on March 8, 2001, totaling $4,250. (*Id.* at 7; *Defendant Swan's Statement of Undisputed Facts* ¶ 4 citing *Mailly Declaration*, Ex. 3.) Defendants submit copies of the three invoices for these amounts sent from Mailly to Wilson which reflect these dates. (*Id.*) According to Defendants, Wilson paid Mailly the three amounts out of Plaintiffs' trust account on March 7, 2001. Defendants submit a copy of the canceled checks in support of this assertion, reflecting the amounts and dates of the payments. (*Mailly Decl'n*, Ex. 4.) Mailly deposited the money on March 29, 2001 according to her bank statement, and Defendants submit copies of the deposit slip and the bank statement which show these dates to be accurate. (*Id.*, Exs. 5 and 6.)

Defendants state that on June 28, 2002 Wilson mailed Plaintiffs an accounting showing that the payments had been made on March 6, 2001. It is this invoice which Plaintiffs allege to be a new and independent injury falling within the statute of limitations. In his declaration filed in support of Defendants' motions, Wilson states that on June 28, 2002 he mailed Plaintiffs an accounting showing the amount of money which had been paid out of the client trust account between February 8, 2001 and April 19, 2001, and showing that no monies had been withdrawn from the account after April 19, 2001. (*Wilson Decl'n* ¶ 9, Ex. 5.) Defendants argue that the accounting does not qualify as a new and independent injury but rather affirms previous payments out of Plaintiffs' client trust account. As such, Defendants assert that no genuine issue of fact exists to preclude summary judgment in their favor, as Plaintiffs' $4,250 claim arises from events that took place outside the statute of limitations.

Plaintiffs argue that Defendants' exhibits, including Mailly's invoice, canceled checks, and banking statement, are not dispositive of the $4,250 claim.[8] Specifically, Plaintiffs argue that because the canceled checks and the related invoices do not refer to one another they are insufficient to demonstrate beyond question the date the injury occurred. (*Plaintiffs' Opposition*, 9.) In addition, Plaintiffs state that the only way to confirm the date of the payments is if Wilson produces all existing banking statements related to Plaintiffs' client trust account.

As to the latter point, Plaintiffs move the Court for an order allowing additional time to conduct

---

[8] The Court notes that Plaintiffs do not question the authenticity of these documents. In fact, Plaintiffs attach some of these same documents as exhibits in support of their opposition. (*Plaintiffs' Opposition*, Ex. B.)

discovery under Rule 56(f) in order to request production of the banking statements. The Court notes that because Wilson is no longer a party in this case, the documents could not be obtained by Plaintiffs via a Rule 34 production request, but rather would require Plaintiffs to subpoena the documents. *See* Fed. R. Civ. P. 34(c); *see also* Adv. Comm. Note on 1991 Amendment to Rule 45 (stating that the proper device for obtaining discovery from nonparties is a Rule 45 subpoena.) In any event, this case has been pending for years, discovery has not been diligently pursued by Plaintiffs, and Plaintiffs offer nothing but a bald assertion that further discovery would be likely to uncover any inaccuracies in the documents provided by Defendants in support of their motions. Accordingly, Plaintiffs' request for a Rule 56(f) continuance is **DENIED**.

Plaintiffs' put forth several other arguments in opposition, primarily addressing Defendant Kiernan's motion for summary judgment. Plaintiffs claim that a genuine issue of material fact exists with respect to the substantive elements of their RICO claims. Plaintiffs claim that they have proven factual disputes exist with respect to their allegation that Defendants engaged in a collective enterprise to defraud Plaintiffs of their client trust funds. (*Plaintiffs' Opposition*, 10.) Plaintiffs also argue that issues of fact prevent summary judgment with respect to Defendants use of the mails to execute the fraudulent enterprise. (*Id*. at 7.) Plaintiffs rely upon the allegations contained in their operative complaint to support their opposition to Defendants' summary judgment motions. Plaintiffs fail to offer any evidence to demonstrate a triable issue of fact exists with respect to the merits of their claim.

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted. *Id.* Such is the case here.

The Court finds that Plaintiffs have not proved that the $4,250 claim resulted from a new and independent act inflicting a new injury within the limitations period. Because Plaintiffs' seek to hold Defendants liable for conduct and representations that began outside of the limitations period, the claim is time-barred. Accordingly, the Court **GRANTS** summary judgment in favor of Defendants Swan,

1 Kiernan, and Mailly on this basis. Defendant Kiernan's motion for summary judgment is therefore
2 moot.
3      Finally, Plaintiffs move to file a third amended complaint. Plaintiffs brought their motion three
4 months after the deadline for seeking leave to amend had passed. Pursuant to Federal Rule of Civil
5 Procedure 16, which requires parties to adhere to a court's scheduling orders, this alone is a sufficient
6 basis on which to deny the motion. *See* FED. R. CIV. P. 16(b). Plaintiffs fail to demonstrate good cause
7 for filing an amended complaint, nearly two and a half years after the commencement of this litigation.
8 Plaintiffs also fail to address why the "interests of justice" would require this Court to grant them leave
9 to amend. *See* FED. R. CIV. P. 15(a). Without a showing of good cause, the inquiry ends. Accordingly,
10 Plaintiffs' motion is denied.

### CONCLUSION

12      Based on the foregoing, the Court **GRANTS** Defendant Swan's motion for summary judgment
13 and **FINDS MOOT** Defendant Kiernan's motion for summary judgment. The Court **DENIES**
14 Plaintiffs' motion to amend their complaint.
15      This order disposes of all remaining claims. Accordingly, the Court **ORDERS** the Clerk of
16 Court to enter judgment in favor of Defendants Frank Swan, Diana Mailly, and Christopher Kiernan,
17 and to terminate the case.
18      **IT IS SO ORDERED**.
19 DATED: January 22, 2009

20
21                                                        Hon. Michael M. Anello
                                                       United States District Judge